UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 01, 2026

SEAN F. McAVOY, CLERK

UNITED STATES OF AMERICA,

Plaintiff,

v.

JUANITA ANGELICA RAMIREZ,

Defendant.

No.    1:23-CR-02034-SAB-1

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

Before the Court is Defendant's Motion for Reduction of Sentence and for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 82. Defendant is represented by Troy Lee. The Government is represented by David Herzog.

On March 5, 2024, Defendant plead guilty to one count of Distribution of 50 Grams Or More of Actual (Pure) Methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), two counts of Distribution of Fentanyl in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and one count of Distribution of 5 Grams Or More Of Actual (Pure) Methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii). On August 13, 2024, the Court imposed a sentence of 36 months' imprisonment and 5 years' supervised release. Defendant's projected release date is July 24, 2026.

Defendant asks the Court to immediately release Defendant from custody. Defendant asserts it is difficult for her parents to care for her minor children due to the parents' age and health issues.

Pursuant to 18 U.S.C. § 3582, and after reviewing the 3553(a) factors, the Court **denies** the motion for compassionate release.

### MOTION STANDARD

Generally, a court may not modify a term of imprisonment once it has been

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE # 1

imposed. 18 U.S.C. § 3582(c); *see also Dillon v. United States,* 560 U.S. 817, 824 (2010) ("A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances.") (internal alterations omitted). Compassionate release, however, provides an exception to this general rule in extraordinary cases. *See* 18 U.S.C. § 3582(c)(1)(A). Section 3582(c)(1)(A) allows a federal prisoner to seek compassionate release after exhausting all administrative remedies with the BOP.

Section 3582(c)(1)(A) permits a court to reduce the term of imprisonment after considering the factors set forth in Section 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(c)(1)(A). The purpose of compassionate release is to provide a "safety valve with respect to situations in which a defendant's circumstances had changed such at the length of continued incarceration no longer remained equitable." *United States v. Chen*, 48 F.4th 1092, 1098–99 (9th Cir. 2022).

Further, in deciding whether to grant a defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), the court must consider (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) the sentencing factors set forth in § 3553(a) to the extent they are applicable. *United States v. Keller*, 2 F.4th 1278, 1283–84 (9th Cir. 2021). Each step of this analysis qualifies as an independent ground to deny a motion for compassionate release. *United States v. Wright*, 46 F.4th 938, 947 (9th Cir. 2022). Defendant bears the burden of "establish[ing] his eligibility for compassionate release." *Id.* at 951.

Congress has not provided a statutory definition of "extraordinary and compelling reasons." *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021) (per curiam).[1] The

[1] Instead, Congress instructed the United States Sentencing Commission that "in promulgating general policy statements regarding the sentencing modification provisions

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE # 2**

United States Sentencing Commission has identified six circumstances that may reach the standard: (1) medical circumstances; (2) age; (3) family circumstances; (4) whether the defendant experienced abuse in custody; (5) alternate but similar reasons to 1–4; and (6) an unusually long sentence. U.S.S.G. § 1B1.13.

## ANALYSIS

To decide Defendant's compassionate release request, the Court first considers whether Defendant's motion presented "extraordinary and compelling" circumstances under the new U.S.S.G. amendment. Defendant provided documents from her parents' medical providers. With regard to Defendant's father, the physician noted that "declining mental and physical capacities due to advancing age . . . mak[e] it both difficult and challenging to care for the grandchildren." With regard to Defendant's mother, the physician simply remarked, " She has significant medical conditions that limit[] her physical ability to take care of her grandchildren full-time." Under United States Sentencing Guidelines § 1B1.13(b)(3)(A), "[t]he death or incapacitation of the caregiver of the defendant's minor child" may provide grounds for reduction in sentence; however, Defendant has not alleged that her parents are dead or incapacitated, merely that their age and medical conditions make caregiving challenging. The Court finds these allegations do not rise to the level of "extraordinary and compelling" under § 1B1.13(b)(3)(A).

The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a).[2] The Court must impose a sentence that is sufficient, but not greater than

_____

in section 3582(c)(1)(A) of title 18, [it] shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *Aruda*, 993 F.3d at 800 (citing 28 U.S.C. § 944(a)(2)(C), (t)).

[2] These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE # 3**

necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. *United States v. Lizarraras-Chacon*, 14 F.4th 961, 966 (9th Cir. 2021) (citation omitted).

While Defendant has little criminal history, the Court already took this into account when it sentenced Defendant to 36 months' custody—far below the Guidelines range of 120–121 months.

In reviewing the § 3553(a) factors and Defendant's Motion, the Court finds that Defendant **is not entitled** to a sentence reduction. The 36-month sentence Defendant received is sufficient but not greater than necessary to reflect the seriousness of his underlying offense, provide just punishment, and afford adequate deterrence to criminal conduct.

Accordingly, **IT IS ORDERED**:

1.   Defendant's Motion for Reduction of Sentence and for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 82, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is directed to file this Order and provide copies to Defendant and counsel.

**DATED** this 1st day of April 2026.



Stan Bastian
Chief United States District Judge

---

for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes by the defendant; and (D) to provide the defendant with needed educational and vocational training, medical care, and other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE # 4